UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DANIEL M. GARZA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No.: 14-cv-1437-SLD-JEH |
| | ) | |
| PAUL MALEVOLTY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, files a Complaint in letter form alleging excessive force and inhumane conditions of confinement at the Tazewell County Jail. Plaintiff has neither paid the filing fee nor filed a Petition to Proceed *In Forma Pauperis*. The Court would ordinarily not conduct a Merit Review of the Complaint where the Plaintiff has not paid the filing fee. In this case, however, Plaintiff alleges imminent danger at the hands of racist guards and inmates. The Court will, therefore, review the complaint and what it interprets as a request for injunctive relief. Plaintiff must, however, pay the $400 filing fee in full or petition for In Forma Pauperis status within 30 days of this Order, or the Complaint will be subject to dismissal.

The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff claims he is a federal pre-trial detainee currently in the custody of the Tazewell County Justice Center. He alleges that on 11/05/2014, Corrections Officer Paul Malevolty

exercised unjustified and excessive force against him.  Plaintiff had asked to speak with the Commander; a request which Defendant Malevolty allegedly refused.  Plaintiff objected and was allegedly pushed into cell B-2 and slammed against the wall.  Plaintiff claims that Defendant then patted him up and down, "violating" him, but provides no further detail.  Defendant Malevolty subsequently handcuffed the Plaintiff, allegedly applying the cuffs too tightly, causing welts.  Defendant then walked the Plaintiff to D-Pod, pushing him into doors and walls all the while.  When they arrived in cell D-9 Defendant allegedly slammed Plaintiff onto the concrete floor.  Plaintiff believes that this use of force was captured on video.  The Court will ask the Sheriff and Administrator of the Tazewell County Jail to preserve the video of 11/5/2014 in those areas identified in the complaint.

Plaintiff also alleges inhumane conditions of confinement as he is allegedly held in a cell without heat, is not allowed a blanket, and that he can "see [his] breath" due to the cold.  Plaintiff claims that he has been given spoiled milk and juice, and moldy bread and cake.  Plaintiff claims that he has tried to file grievances but has been denied access.

Plaintiff also attempts to allege an access to courts claim, asserting that he is in segregation and does not have access to the law library.  Plaintiff, however, does not identify how the claimed lack of access caused him injury.  It is Plaintiff's burden to provide "…some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Shango v. Jurich,* 965 F.2d 289, 291 (7th Cir.1992); *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir.1992).  Plaintiff's access to courts claim is DISMISSED for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

Plaintiff also alleges that he is in imminent danger and, as noted *supra*, the Court will consider this a request for injunctive relief. Plaintiff alleges that he fears for his safety and well-being as he had received racist threats from inmates; and that the guards have referred to him as the "brown guy". He does not identify the names or number of inmates who have made racist threats nor the substance or credibility of those threats. Under *Farmer*, injunctive relief is appropriate where a prisoner has received a credible threat of attack by another inmate. *Cole v. Quinn,* No. 12- 686, 2012 WL 3262726, at *7 (S.D. Ill. Aug. 9, 2012), citing *Farmer v. Brennan*, 511 U.S. 825, 850–51 (1994). Plaintiff, however, has failed to allege a credible attack as his allegations are too vague. A Plaintiff cannot "state a claim for having been exposed to the unrealized risk of assault...." *Donelson v. Prado*, 2011 WL 941233, *4 (N.D.Ill.2011). "However legitimate [Plaintiff's] fears may have been, ... it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Id*., quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir.1996); *See also*, *Martin v. Gatez*, No. 11- 1048, 2012 WL 384526, at *2 (S.D. Ill. Feb. 6, 2012), finding threat credible where there was evidence that Plaintiff had been attacked on three prior occasions.

Plaintiff requests injunctive relief but has failed to identify a credible threat. "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008). A party seeking the injunction has the burden to prove that he will suffer irreparable harm during the time prior to final resolution of his claims, the inadequacy of legal remedies available, and some likelihood of success on the merits *Ty, Inc. v. Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2001). Ultimately, Plaintiff has not carried his burden where his allegations of irreparable harm are conclusory at best.

The Request for Injunctive Relief is DENIED. This case will proceed only as to Plaintiff's claims of excessive force and inhumane conditions of confinement.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's request for Injunctive Relief is DENIED.

2) The Clerk is to send Plaintiff a packet containing instructions for the payment of the filing fee or for filing a petition to proceed *in forma pauperis*. Plaintiff must pay the filing fee or file his *In Forma Pauperis* Petition within 30 days of this Order or risk dismissal of his Complaint.

3) The Clerk is directed to send a copy of this Order to the Sheriff and Administrator of the Tazewell County jail requesting that they preserve the 11/5/2014 videotape depicting the area at cell B-2, the area of cell D-9 and the route which would have been taken from B-2 to D-9.

4) The Plaintiff is admonished that he is not to file letters with the Court. Any requests for relief are to be filed in the form of a Motion requesting specific relief.

5) It appears that the Defendant's name is Paul Malevolty, rather than "Malevolty Paul" as identified by Plaintiff. The Clerk is asked to amend the caption.

6) This case shall proceed solely on the federal claim(s) identified herein. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

7) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

8) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

10) Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

11) Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

12) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

13) Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

_11/17/2014                       s/Sara L. Darrow
ENTERED                          SARA L. DARROW
                     UNITED STATES DISTRICT JUDGE